IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

LOUIS BROWN, JR.                    §
                                    §
v.                                  §          C.A. NO. C-10-079
                                    §
DAN JOSLIN[1]                       §

### OPINION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional

Institution in Three Rivers, Texas.  (D.E. 1).  On March 2, 2010, Petitioner filed this pro se

habeas corpus petition pursuant to 28 U.S.C. § 2241, attacking a prison disciplinary hearing from

the Federal Correctional Institution in Oakdale, Louisiana.  Id. at 6.  Pending are Respondent's

motion to expand the record and for summary judgment.  (D.E. 20) (respondent's motion to

dismiss); see also (D.E. 22) (order converting respondent's motion into a motion for summary

judgment).  Petitioner did not file a response.[2]  For the reasons stated herein, Respondent's

motions are hereby GRANTED.

## I.  JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated.

Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Petitioner is incarcerated in Live Oak

County, Texas, and jurisdiction is, therefore, proper in this Court.  28 U.S.C. § 124(b)(6).

Furthermore, after consent by the parties, (D.E. 16, 18), this case was referred to a magistrate

---

[1] As the warden of the Federal Correctional Institution in Three Rivers, Texas, Dan Joslin has custody of
Petitioner and is the proper respondent regarding this habeas corpus petition.  Braden v. 30th Judicial Cir. Ct. of Ky.,
410 U.S. 484 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969
(5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also
Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court
judgment, the petition must name as respondent the state officer who has custody.").

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

judge to conduct all further proceedings, including entry of final judgment.  (D.E. 21); see also

28 U.S.C. § 636(c).

## II.  BACKGROUND

Petitioner was convicted in the United States District Court for the Eastern District of

Louisiana on charges of possession with intent to distribute, conspiracy to possess with intent to

distribute, and using a communication facility in a drug trafficking offense.  (D.E. 20, at 2).  He

was sentenced to 160 months of imprisonment and five years of supervised release.  Id.

While incarcerated at the Federal Correctional Institution in Oakdale, Louisiana,

Petitioner was notified on December 28, 2008 at 5:00 a.m. that he was charged with possessing a

weapon.  Id. at App., at 11.  Officer D. Elkins reported that he was conducting a routine search of

Petitioner's cell on December 27, 2008 at 5:24 p.m. when he discovered two homemade, plastic

weapons hidden in the insulation lining of a water cooler.  Id. at App., at 9.  The weapons and

cooler were confiscated.  Id.  Petitioner appeared before a Disciplinary Hearing Officer ("DHO")

in incident report number 1815185 on January 29, 2009 at 9:35 a.m. where he was represented

by a staff representative, Correctional Counselor B. Senegal.  Id. at App., at 11.

At the hearing, Petitioner testified that the water cooler belonged to neither him nor his

cell-mate, John Newell, and the weapons did not belong to him.  Id.  Prisoner Larry Williams

testified that Petitioner's cooler was different from the one found.  Id. at App., at 12.  Another

prisoner, Isaac Knapper, testified that Petitioner had been framed, and that the cooler confiscated

was not Petitioner's.  Id.  Two correctional officers, Officer Juan Rosado and Officer Elton

Marcotte submitted statements that they could not verify if the cooler was actually Petitioner's.

Id.  Additionally, the DHO considered photographs of the weapons and cooler, Lieutenant D.

Hadnot's statement, Newell's statement that the cooler belonged to Petitioner, and confidential information that was not revealed to Petitioner.  <u>Id.</u> at App., at 12-13.  Based on all the evidence, especially Newell's statement, the DHO found Petitioner guilty and sentenced him to a loss of fifty percent of his good conduct time, a thirty-day loss of telephone privileges, and a suspended thirty-day sentence of segregation.  <u>Id.</u> at App., at 13.  A report was issued concerning the hearing, a copy of which was delivered to Petitioner on March 13, 2009.  <u>Id.</u> at App., at 14.

Petitioner appealed his conviction through the Federal Bureau of Prisons ("BOP") administrative remedies process, first at the regional level, which was denied, and then at the central office level, which was also denied.  <u>Id.</u> at App., at 4-8.  Respondent concedes that Petitioner fully exhausted his administrative remedies before filing this petition.  <u>Id.</u> at 6.

### III.  DISCUSSION

Petitioner claims he was wrongly convicted at his disciplinary hearing, and that BOP did not provide him with a report of the hearing in time to file a timely appeal.  (D.E. 1, at 3-6, 10, 13-14).  Respondent argues that these claims are without merit.  (D.E. 20, at 9-10).

**A.      Respondent's Motion To Expand The Record Is Granted.**

Rule 7 of the Rules Governing § 2254 Cases allows for a party in a habeas case to expand the record with "additional materials relating to the petition" as long as "the party against whom the additional materials are offered" is given "an opportunity to admit or deny their correctness." A court may apply this rule to § 2241 cases as well.  Rule 1(b) of the Rules Governing § 2254 Cases; <u>see</u> <u>also</u> <u>Ortloff v. Fleming</u>, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam) (unpublished) (applying Rule 6 of the Rules Governing § 2254 to a § 2241 case); <u>Boutwell v. Keating</u>, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (citation omitted).

3

Here, Respondent requests that the record be expanded to include a declaration by Martin Joseph Sweeney.  (D.E. 20, at 1-2).  Through his position as an attorney at BOP, Mr. Sweeney has access to BOP records, and has testified regarding those records as they concern Petitioner's disciplinary hearing, conviction, and administrative remedies.  Id. at App., at 1-3.  Additionally, he attached copies of Petitioner's incident report, disciplinary hearing report, and administrative remedy appeals and their corresponding responses.  Id. at App., at 4-14.  These materials relate directly to Petitioner's charge and hearing, which form the basis for his complaints in this petition.  Moreover, Petitioner received this document as an appendix to Respondent's motion for summary judgment, but did not file any response disputing its contents or authenticity.

Accordingly, Respondent's motion to expand the record is granted and the record shall include the documents appended to Respondent's motion for summary judgment.

**B.      The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions

on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**C.      Petitioner Has A Liberty Interest In His Good Time Credits.**

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated."  Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some

5

right secured to him or her by the United States Constitution....'") (citation omitted).  The
Supreme Court has explained that "these [liberty] interests will be generally limited to freedom
from restraint which, while not exceeding the sentence in such an unexpected manner as to give
rise to protection by the Due Process Clause of its own force ..., nonetheless imposes atypical
and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner,
515 U.S. 472, 484 (1995) (citations omitted).  The Fifth Circuit has further explained that "these
interests are generally limited to state created regulations or statutes which affect the quantity of
time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

Good time credits, in particular, are not a right guaranteed by the Constitution. Id. at
768.  However, they become liberty interests protected by the minimum procedures guaranteed
by the Fourteenth Amendment if a state creates a right in them and makes them revocable for
misconduct.  Id.  The Fifth Circuit has held that federal prisoners have a protected liberty interest
in good time credits.  Neal v. Casterline, 129 F. App'x 113, 114 (5th Cir. 2005) (per curiam)
(unpublished) (citing Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000) (per
curiam)).  Conversely, the temporary loss of telephone privileges does not implicate a liberty
interest.  Lewis v. Dretke, 54 F. App'x 795, 2002 WL 31845293, at *1 (5th Cir. Dec. 11, 2002)
(per curiam) (unpublished).  Similarly, placement in segregated confinement does not trigger a
liberty interest.  See Sandin, 515 U.S. at 486.

Accordingly, Petitioner has a liberty interest protected by the Fourteenth Amendment in
his fifty percent reduction in good conduct time, but not his thirty-day loss of telephone
privileges, or his thirty days in segregated confinement.  His claims proceed only inasmuch as
they are based on his loss of good conduct time.

6

**D.      Petitioner Was Not Wrongly Convicted.**

Petitioner claims he was wrongly convicted at his disciplinary hearing.  (D.E. 1, at 10, 13-14).  In federal habeas petitions, review of the evidentiary support for a hearing officer's decision is extremely limited; due process requires only "some evidence to support the findings made in the disciplinary hearing."  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985); see also Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001) (per curiam) ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted).  Even where there is no direct evidence and the existing evidence is meager, the findings may still be sufficient to support disciplinary sanction.  Hill, 472 U.S. at 457.  A federal court should not disturb a hearing officer's decision unless the petitioner can show that it was arbitrary and capricious.  Id.; Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (citation omitted).  Specifically, the Fifth Circuit has explained that an offense report by itself, written by an officer with firsthand knowledge, is "some evidence" to support the prison disciplinary board's finding of guilt.  Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (citation omitted).

Here, the DHO based his guilty finding on the written statement of the reporting officer, and the testimony of Petitioner, Newell, Officer Rosado, and Officer Marcotte.  (D.E. 20, at App., at 13).  Furthermore, he specifically found parts of testimony from Petitioner and his witnesses, which supported Petitioner's claim of innocence, to lack credibility.  Id.  Therefore, the DHO's decision was supported by more than just "some evidence."

Accordingly, Petitioner's claim that he was wrongly convicted is without merit.

7

**E.      Petitioner's Due Process Rights Were Not Violated By BOP's Late Delivery of His Hearing Report.**

Petitioner claims that BOP did not provide him with a report of the hearing in time to file a timely appeal.  (D.E. 1, at 3-6).

The Supreme Court has explained that "[prison] disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted); Broussard, 253 F.3d at 876 (citing Wolff).  In Wolff, the Supreme Court held that due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges, at least 24 hours before the hearing; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals.  418 U.S. at 564-66.

According to the records, the due process requirements mandated by Wolff were indeed met in this case.  Petitioner was provided with notice of his disciplinary hearings and the charges against him more than twenty-four hours before his hearings were held.  (D.E. 20, at App., at 9). He was given a hearing report from the DHO, which explained his punishments and the bases for the conviction.  Id. at App., at 11-14.  Finally, he was given opportunities to testify, call witnesses, and present evidence in his defense.  Id. at App., at 11-12.  Therefore, Petitioner received all the rights enumerated in Wolff.

Furthermore, this claim concerns a violation of prison rules by prison officials, and, as a result, does not state a claim cognizable in a federal habeas petition.  Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (citations omitted); accord Stanley v. Foster, 464 F.3d

8

565, 569 (5th Cir. 2006) ("a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process") (quoting <u>Myers</u>). Because the rule that hearing reports shall normally be delivered to prisoners within ten days of the hearing is issued by BOP, Petitioner's claim cannot be redressed through this petition.

Moreover, Petitioner's claim is factually untenable.  While BOP rules ordinarily require hearing reports to be given to prisoners within ten days of the decision being issued, they also allow a prisoner to file a regional appeal within twenty days of receiving the report.  (D.E. 1, at 8).  Petitioner did not receive his report until March 13, 2009, but filed his regional appeal prematurely on March 1, 2009.  (D.E. 20, at App., at 4, 14).  Had he read and followed BOP rules, he would have known he had from March 13, 2009 until April 2, 2009 to file his appeal. <u>Id.</u> at App., at 4.

Accordingly, Petitioner's due process rights were not violated by BOP's late delivery of his hearing report.

## IV.  CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 20), is granted.  Accordingly, the petition, (D.E. 1), is dismissed.

ORDERED this 11th day of August 2010.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

9